

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CF0511-24** |
| | ) GPD Report No. 24-16938 |
| vs. | ) |
| | ) |
| | ) |
| JAYDEN ANTHONY LEON GUERRERO | ) ***AMENDED*** |
| CHARGUALAF, | ) **DECISION & ORDER** |
| DOB: 08/21/2007 | ) **RE. MOTION FOR** |
| | ) **DECERTIFICATION AND** |
| | ) **TRANSFER TO FAMILY COURT** |
| | ) |
| Defendant. | ) |
| | ) |

This matter came before the Honorable Alberto E. Tolentino on Defendant Jayden Anthony Leon Guerrero Chargualaf's ("Defendant") Motion for Decertification and Transfer to Family Court. The Court held a Motion Hearing on April 9 and May 6, 2025, to address oral arguments for Defendant Jayden's Motion for Decertification and Transfer to Family Court. At the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the Defendant's Motion for Decertification and Transfer to Family Court.

## BACKGROUND

Based on events that occurred between December 2023 and July 21, 2024, the Defendant was indicted by a grand jury with the following offenses: (1) THIRD-DEGREE

CRIMINAL SEXUAL CONDUCT (As a Second-Degree Felony); (2) ATTEMPTED THIRD-DEGREE CRIMINAL SEXUAL CONDUCT (As a Second-Degree Felony – 2 Counts); and (3) FOURTH-DEGREE CRIMINAL SEXUAL CONDUCT (As a Misdemeanor – 2 Counts).

On February 28, 2025, the Defendant filed a Motion for Decertification and Transfer to Family Court ("the Motion"), arguing that "[i]n balancing the factors, under 19 GCA § 5106, the facts and circumstances of this case weigh in favor of transfer to juvenile court." *See generally* Def.'s Mot. for Decert. & Transfer to Fam. Ct. (Feb. 28, 2025). Specifically, the Defendant argues that the absence of a history of prior delinquency and the Defendant's participation in IEP based educational programming favors the granting of the Defendant's Motion. *Id.* On March 14, 2025, the People of Guam ("the People"), filed its Opposition to the Defendant's Motion, arguing that the Court should deny the Defendant's Motion because (1) this case involved "multiple incidents, proving that the Defendant [was] already engaged in recidivist conduct," (2) "[t]he Defendant's egregious conduct [was] deserving of adult treatment," and (3) "an evidentiary hearing [was] necessary to make a conclusion on the Defendant's potential for rehabilitation." *See generally* People's Opp. to Def.'s Mot. to Transfer to Fam. Ct. (Mar. 14, 2025). On March 21, 2025, the Defendant filed his Reply to the People's Opposition, arguing that although the Defendant did not oppose an evidentiary hearing, the Defendant did not have the burden of establishing rehabilitation potential because the Court only needed to find that there was a reasonable likelihood that the minor could be rehabilitated before the expiration of the juvenile court's jurisdiction pursuant to 19 GCA § 5106(d)(7). *See generally* Def.'s Reply to the People's Opp. (Mar. 21, 2025). After hearing oral arguments on the Motion on April 9 and May 6, 2025, the Court then took the matter under advisement.

\\

## DISCUSSION

In deciding whether to transfer the Defendant to Family Court, the Court looks to 19 GCA § 5106 for guidance. The statute states in relevant part:

> (a) A child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree along with any acts which are misdemeanors or felonies of the third degree which are part of the same scheme of criminal activity as the felony. If a child is under sixteen years of age at the time he committed the offense for which he is charged, and if the conduct would constitute an offense under 9 GCA Chapter 16 (Homicides), and if the court after full investigation deems it contrary to the best interest of such child or of the public to retain jurisdiction, the court may, in its discretion, certify such child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult.

19 GCA § 5106(a). In this case, the Defendant was automatically charged as an adult because he was sixteen at the time of the offenses. To grant the Defendant's transfer to Family Court, the Court must now determine, based on clear and convincing evidence, whether the best interests of Defendant would be amenable to care, treatment, and training programs offered in the juvenile justice system. To do so, the court must balance the following factors:

> (d) Notwithstanding Subsection (a) of this Section, on motion of either the prosecutor or defendant, or *sua sponte* by the Court, the complaint or indictment may be transferred to the jurisdiction of the Family Court upon a finding based on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court based on an evaluation of the following:
> (1) the age of the minor;
> (2) the history of the minor, including:
> > (A) any previous delinquent or criminal history of the minor;
> > (B) any previous abuse or neglect history of the minor; and
> > (C) any mental health, physical or educational history of the minor, or a combination of these factors;
> (3) the circumstances of the offense, including:
> > (A) the seriousness of the offense;
> > (B) whether the minor is charged through accountability;

(C) whether there is evidence the offense was committed in an aggressive and premeditated manner;

(D) whether there is evidence the offense caused seriously bodily harm; and

(E) whether there is evidence the minor possessed a deadly weapon;

(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

In considering these factors, the court shall give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed in this Subsection.

19 GCA § 5106(d).

**(1) Age of the Minor**

As to the first factor, the court must review the age of the minor when considering whether it falls in favor of transfer to Family Court. The Defendant urges the Court to follow the approach the Court took in *People v. Concepcion*, CF0222-12, where Defendant Concepcion was seventeen (17) years old indicted with two (2) counts of First Degree Criminal Sexual Conduct (As a First-Degree Felony) and two (2) counts of Second Degree Criminal Sexual Conduct (As a First-Degree Felony) against a minor who was fourteen (14) years old at the time of the alleged offense, and the Court granted Defendant Concepcion's Motion for Decertification. Def.'s Mot. at 4; *see also* Dec. & Order Re Mot. for Decertification ("Concepcion D&O"), *People v. Jude Kristopher Concepcion*, Superior Court Criminal Case No. CF0222-19 (July 12, 2019). The People distinguishes this case from *Concepcion* in that all

the *Concepcion* parties (i.e., the Defendant, the victim, and their family) agreed with removal to Family Court whereas the victim in this case opposes removal to Family Court. Pl.'s Opp. at 3. The People further differentiates this case from *Concepcion* in that *Concepcion* involved a singular incident whereas this case involves multiple incidents. The Court is not persuaded that this case is far different from *Concepcion*.

Here, the Defendant is now seventeen (17) years old; however, the Defendant was sixteen (16) years old at the time of the offenses in this case. Because the Defendant is closer to becoming an adult, his susceptibility to influence may be less than that of a younger teenager or child. Nonetheless, this first factor weighs in favor of the Defendant's transfer to Family Court.

**(2) History of the Minor**

Under the second factor, the court must review the history of the minor, which includes the minor's previous delinquent or criminal history; previous abuse or neglect; and mental health, physical, or educational history. 19 GCA § 5106(d)(2). Notably, a minor's prior record of delinquency is a factor that the court *shall* give greater weight to compared to other enumerated factors. 19 GCA § 5106(d).

Because this factor asks the court to review previous abuse or neglect of the Defendant, the court must consider the record before it. In regards to the Defendant's history, the court's records indicate that he previously attended Career Tech High Academy Charter School and has an eleventh-grade education as of the date of this decision. Since his arrest, he has been placed on house arrest with no school. The court acknowledges that the Defendant has no prior criminal history nor any juvenile delinquency case/arrest before the Family Court. The record indicates that the Defendant also has no history of abuse or neglect; however, throughout his academic

years, the Defendant has been under the Special Education Division that provides structure and accommodations for his special learning diagnosis.

Although the People acknowledges that the two biggest factors are the seriousness of the offense and the Defendant's prior record, it failed to address the Defendant's prior history or lack thereof. Thus, in light of the record before it, the court finds that the second factor weighs in favor of the Defendant's transfer to Family Court.

**(3) Circumstances of the Offense**

As to the third factor, the court reviews several circumstances of the offense, such as: seriousness of the offense; whether the minor is charged through accountability; evidence of the offense being committed in an aggressive and premeditated manner; evidence of serious bodily harm; and possession of a deadly weapon. 19 GCA § 5106(d)(3). Like the minor's prior record of delinquency, the court *shall* also give greater weight to the seriousness of the alleged offense compared to the other factors. 19 GCA § 5106(d).

Here, the Defendant is charged with second-degree felonies, each of which are offenses that automatically certified him to be charged as an adult. However, the Defendant did not engage in the use of a deadly weapon or illegal drugs, and the Defendant's actions did not involve serious bodily injury. Although the People urges the court to the frequency of the alleged incident (i.e., multiple incidents of the offense(s)), the court is also urged to consider that the Defendant was about sixteen (16) years old when the incidents occurred.

Despite the Defendant's alleged multiple incidents and the seriousness of the offenses, the court cannot ignore that the Defendant was below the age of the majority at the time of the offenses. Thus, this factor weighs in favor of the Defendant's transfer to Family Court.

\\

## (4) Advantages of the Juvenile Justice System

As to the fourth factor, the court must look at the advantages of treatment facilities or programs that are particularly available in the juvenile system. 19 GCA § 5106(d)(4). In the Defendant's Motion, he generally claims that the juvenile system would better address his educational needs because the structure provided within the juvenile justice system can ensure that the Defendant's educational needs are addressed and met due to his history of being in the Individualized Education Program[1] ("IEP") at his current school. The Defendant also claims that the juvenile court can also order counseling services from various service providers, such as Guam Behavioral Health and Wellness Center ("GBHWC") and Client Services and Family Counseling ("CSFC"), which has a greater structure for tracking, assessing, and monitoring the Defendant's progress and ensure his rehabilitation.

Finally, the Defendant's school has shared their concerns related to the Defendant's IEP situation and his ability to comprehend via online classes versus in-person or on-hand learning, which the Defendant is more receptive to. Therefore, this factor weighs in favor of the Defendant's transfer to Family Court.

## (5) Security of the Public

This factor asks whether the Defendant should be sentenced for the sake of the public's security. As mentioned prior, the Defendant has no prior cases of delinquency, no prior arrests and no prior convictions, and while the charges of the indictment are serious in nature, the Defendant was not alleged to have caused bodily injury, or engage in the use of a deadly weapon or illegal drugs. The court's position is that the Defendant and the community would benefit

---

[1] The IEP is a legal document under United States law that is developed for each public-school child in the U.S. who needs special education.

from the close monitoring and periodic hearings afforded by the Family Court. Thus, this factor weighs in favor of the Defendant's transfer to Family Court.

### (6) Minor's History of Services and Willingness to Participate in Services

This factor asks the court to look at the Defendant's history of services. As of the date of this decision, there have been no showings that the Defendant is unwilling or unreceptive to participate in services. The Defendant emphasizes that this adult criminal matter has limited his opportunities to be placed outside of the Department of Youth Affairs. Further, this factor also asks the court to look at whether the Defendant is willing to "meaningfully participate in available services." 19 GCA 5106(d)(6). Here, the Defendant expressed his willingness to work with court and community partners to better his life, and the Defendant has a mother who is willing to be involved in the services deemed appropriate. Because the court believes that such services would benefit the Defendant and that the provided services would align with the Defendant's IEP plan, the court finds that this factor weighs in favor of the Defendant's transfer to Family Court.

### (7) Reasonable Likelihood of Rehabilitation

This factor would weigh in favor of the Defendant's transfer to Family Court if there is a reasonable likelihood that the Defendant can be rehabilitated before the juvenile court's jurisdiction expires. 19 GCA § 5106(d)(7). As mentioned earlier, the Defendant is currently seventeen (17) years old. 19 GCA § 5105 allows Family Court to retain jurisdiction until the Defendant turns twenty-one (21) depending on the circumstances. If the court were to grant the Defendant's transfer to Family Court, Family Court could have jurisdiction until August 21, 2028, for Defendant Chargualaf.

The Defendant's willingness to engage in treatment and services coupled with the support from his mother indicates a high likelihood of successful treatment. The treatment that accompanies Family Court is better structured to support the needs of the Defendant and transferring the case to Family Court would allow the Defendant to "learn and master brand new skills regarding appropriate behaviors and coping with stressors and trauma." *See People v. Juan Alberto Gonzalez, Jr.*, Superior Court of Guam Case No. CF0806-23. Therefore, this factor weighs in favor of the Defendant's transfer to Family Court.

**(8) Adequacy of the Punishment**

The last factor looks at how adequate the punishment or services would be for the Defendant. In this case, the Defendant faces one (1) to eight (8) years for the top felony offenses he was charged for allegedly committing. However, if this case were to be remanded to the juvenile court, any punishment would be more individualized, focused, and enforced in that court. The court is convinced that seventeen is too young of an age to label the Defendant as irredeemable and beyond rehabilitation. Family Court would allow the Defendant to mature into a contributing adult all while enforcing extensive measures if they become necessary. Therefore, this factor weighs in favor of the Defendant's transfer to Family Court.

After analyzing all factors under 19 GCA § 5106(d), the court found that all factors weighed in favor of Defendant Chargualaf's transfer to Family Court. Therefore, the court finds, based on clear and convincing evidence, that the best interests of Defendant Jayden Chargualaf would be amenable to the care, treatment, and training programs available through the juvenile court system.

\\

\\

## CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendant Jayden Anthony Leon Guerrero Chargualaf's Motion for Decertification and Transfer to Family Court.

**SO ORDERED** this ___AUG 0 6 2025___ .

_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
AG, PDSU
Date: 8/6/25 Time: 12:28pm
Antonio J Cruz
Deputy Clerk, Superior Court of Guam